MINUTE ENTRY
ROBY, M.J.
April 11, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WINN-DIXIE STORES, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-03181** |
| **SOUTHEAST MILK, INC., ET AL.** | **SECTION: "R" (4)** |

LAW CLERK:         Brian Trepanier
COURT REPORTER:    Jodi Simcox

Appearances:    **Philip Dore** for Donald Bernos.
                **Thomas Colletta, Jr.** for Defendants.

## MINUTE ENTRY AND ORDER

Before the Court is a **Motion Quash Deposition Subpoena (R. Doc. 1)** filed by a non-party witness, Donald Bernos. The motion is opposed. R. Doc. 2. Oral argument was heard on April 11, 2018.

**I.      Background**

This action was filed by Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC in the Middle District of Florida, in which they allege that the Defendants, entities in the dairy industry, conspired to artificially inflate the price of raw milk by running a program that paid dairy farmers a subsidy to sell their cows for beef in violation of the Sherman Act. R. Doc. 2, pp. 1-2.

The instant motion was filed by Donald Bernos seeking to quash a deposition subpoena. R. Doc. 1. Bernos argues that the subpoena subjects him to undue burden and that he does not possess relevant information. R. Doc. 1-1, pp. 4-5.

1

The Defendants have opposed the motion and also title their opposition as a "Cross-Motion to Compel." R. Doc. 2. The Defendants state they have raised an affirmative defense that the claim for damages is barred by the applicable statutes of limitation since Plaintiffs should or did know of the subsidy program while it was in effect from 2003 to 2010. They state that the subsidy program, the Herd Retirement Program, was widely publicized throughout the nation, but Plaintiffs claim they were unaware of it until 2013. *Id.* at p. 2. Defendants argue that Bernos managed two of Winn-Dixie's processing plants in Louisiana and knew of the program. They argue that Bernos's deposition and testimony is highly relevant and proportional to the needs of the case.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 45 governs subpoenas. A subpoena may command a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1). The party or attorney responsible for issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Court in the district where compliance is required must impose this duty. *Id.*

"On a timely motion, the court for the district where compliance is required must quash or modify a subpoena that: … (iv) subjects a person to undue burden." Fed. R. Ci. P. 45(d)(3). If the court where compliance is required did not issue the subpoena "it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

## III. Analysis

The motion before the Court was filed by Donald Bernos seeking an order quashing the deposition subpoena issued to him. R. Doc. 1. He argues that the deposition subpoena was served

on March 1, 2018 and was scheduled for March 27, 2018. *Id.* at p. 1. Bernos states that having to deal with the subpoena has caused chest pains or tightness and he suffers from multivessel artery disease. Attached to the motion is a note from a physician's office stating that Bernos has a history of multivessel coronary artery disease with history of bypass, is known to have inadequate revascularization, recent events have caused significant chest tightness, and asking for Bernos to be excused from additional proceedings. R. Doc. 1-4. The Court asked Bernos's counsel at oral argument when the bypass surgery occurred, however, counsel was stated he was unsure but thought it was around 2012.

Bernos argues that the deposition subpoena subjects him to undue burden. R. Doc. 1-1, p. 2. According to Bernos, the Court should consider the relevance of the information requested, the need of the party requesting the information, the breadth of the discovery requests, the time period of the request, the particularity which the requesting party has described the requested documents; and the burden imposed. *Id.* at pp. 2-3. He contends that because he is a non-party witness that fact should be given weight in determining whether he is unduly burdened. He argues that the deposition will cause undue burden by creating a health risk because of his severe heart condition. *Id.* at p. 4. Further, Bernos attached an affidavit to the motion indicating he had was not aware of the cooperative or the Herd Retirement Program, nor did he negotiate or have discussion regarding prices with the Dairy Farmers of America, Inc. *Id.* at pp. 4-5. Bernos argues it is unlikely he has relevant information. *Id.* at p. 5. He contends that given his non-party status, burden to his health, and because it is questionable he has relevant information, the subpoena should be quashed. *Id.*

The Defendants oppose the motion. R. Doc. 2. They argue that Bernos had previously agreed to attend the deposition, until Plaintiffs' counsel became involved. *Id.* at p. 2. They argue the doctor's letter also does not indicate that the deposition would be unduly burdensome or

dangerous to Bernos's health. Further, the Defendants argue that Bernos has no personal stake in the case and his sitting for a short deposition should not reasonably be seen as posing a risk to his health, *Id.* at p. 3. They contend the motion to quash is untimely as Plaintiff's counsel waited more than three weeks after service to file the motion and did so less than two days before the noticed deposition. *Id.*

Defendants argue that Bernos has relevant information because at issue is a statute of limitations defense involving whether the Plaintiffs knew of the Herd Retirement Program such that it would have alerted them to a claim. *Id.* at p. 4. They argue that during a phone call with defense counsel, Bernos, who worked for Winn-Dixie as a manager of plants in Louisiana, stated that he was aware of the program. *Id.* at p. 5. They argue that Bernos's information is relevant to the statute of limitations defense and is proportional to the needs of the case because Plaintiffs seek $21 million in damages subject to mandatory trebling. They state the discovery deadline is March 30 and due to limited discovery produced in the case the Defendants have had to depose other individuals to find relevant information. *Id.* at p. 9. Finally, the Defendants argue that they have agreed to provide reasonable accommodations to minimize the burden, including limiting the length of the deposition and moving the location closer to Bernos's home *Id.* at p. 10.

Bernos filed a reply in the instant matter. R. Doc. 6. He asserts that under Rule 45(f) the motion should be transferred to the Middle District of Florida because he consents to the transfer, the opposition is predicated on events local counsel and the Court does not have knowledge, and the discovery deadline has expired so the allowance of further discovery would upset the scheduling order of another court. R. Doc. 6, pp. 1-3. Further, he argues that should the Court not transfer the motion, the Defendants have failed to address Bernos's status as a non-party as a factor

4

in quashing the subpoena, he has a serious health condition, has provided a sworn affidavit, and therefore, the motion should be granted. *Id.* at pp. 3-5.

Rule 45(f) is left to the discretion of the Court. The Court finds that based on the briefing and oral argument it has enough information to decide the merits of the motion. As a result, the Court declines to transfer the motion to quash to the Middle District of Florida.

The moving party bears the burden of demonstrating that compliance with a subpoena would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004). A court's consideration of a motion to quash a third-party subpoena as unduly burdensome should be governed by the following factors: (1) relevance of the information sought; (2) the requesting party's need for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity of the description of the documents; and (6) the burden imposed. *Wiwa,* 392 F.3d at 818.

Bernos's argument that the subpoena is unduly burdensome is based on health concerns and a correspondence from a doctor. The correspondence seeks to excuse Bernos from any proceedings without any indication of why he cannot or should not participate in a deposition beyond the recitation of his medical history. The Court does not find that Mr. Bernos has demonstrated that attending the deposition would be an undue burden.

Further, the Defendants have been and are willing to accommodate Bernos in order to minimize any burden. At oral argument the Defendants have indicated that they would conduct the deposition at a location suitable to Bernos, they would be willing to pay for a doctor to be available, and that they do not foresee the deposition requiring more than two hours of his testimony. In addition, the information sought to be obtained from the deposition involves a defense against the claims in the matter. After evaluating the circumstances of the motion, the Court finds that the

movant, Bernos, has failed to satisfy the burden required to quash the deposition and as such the motion is denied. The Court, therefore, orders that Bernos be produced for the deposition on a date and time agreed to. However, the Court shall limit the deposition to two hours of testimony from Bernos, based on representations made to the Court by defense counsel.

**IV.  Conclusion**

Accordingly,

**IT IS ORDERED** that the **Motion to Quash Deposition Subpoena (R. Doc. 1)** is **DENIED**.

**IT IS FURTHER ORDERED** that the request for transfer is **DENIED**.

**IT IS FURTHER ORDERED** that Donald Bernos shall be produced for the deposition and that the deposition shall not exceed two (2) hours of Mr. Bernos's testimony.

New Orleans, Louisiana, this 12<u>th</u> day of April 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

MJSTAR: 00:21